# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 46]

Name of Offender: Eric Liggett                          Case Number: 3:07-00219

Name of Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: September 10, 2009

Original Offense: 18 U.S.C. §§ 922(g)(1) and 924 Felon in Possession of a Firearm

Original Sentence: 28 months' custody followed by three years' supervised release

Type of Supervision: Supervised release          Date Supervision Commenced: October 3, 2011

Assistant U.S. Attorney: Blanche Cook            Defense Attorney: Doug A. Thoresen

## PETITIONING THE COURT

    X    To Consider Additional Violation/Information.
   ___   To issue a Summons.
   ___   To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information @ hrg. scheduled for 9/26/13.

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

Considered this 26th day of July, 2013,
and made a part of the records in the above case.

_____
Kimberly Haney
U.S. Probation Officer

_____
Aleta A. Trauger
U. S. District Judge

Place   Nashville, TN

Date    July 25, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>46</u>, has been amended as follows:

<u>Violation No. 2</u> - has been added to report unlawful use of a controlled substance.

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>   <u>Nature of Noncompliance</u>

1.   **<u>The defendant shall not commit another federal, state, or local crime.</u>**

   On December 17, 2012, Mr. Liggett was arrested for Unlawful Possession of a Weapon in Nashville, Davidson County, Tennessee.

   An officer with Metropolitan Davidson County Police Department responded to a call at Mr. Liggett's residence regarding a stolen motorcycle. The officer was given consent to search the residence after he smelled marijuana coming from inside the residence. The search revealed a loaded pistol grip 12-gauge shotgun under the master bedroom mattress.

2.   **<u>The defendant shall refrain from any unlawful use of a controlled substance.</u>**
<u>New</u>
<u>Violation</u>   On July 18, 2013, Mr. Liggett tested positive for marijuana use.

   Mr. Liggett reported to the probation office on July 18, 2013, as instructed, as part of the random drug testing program. He submitted a urine specimen which tested positive for marijuana. Mr. Liggett admitted use of marijuana. The specimen was sent to the laboratory which confirmed the sample as positive for marijuana.

**<u>Compliance with Supervision Conditions and Prior Interventions</u>:**

Eric Liggett began his term of supervised release on October 3, 2011. His term of supervision expires on October 2, 2014. Mr. Liggett has been employed with Krystal's restaurant since October 5, 2011.

On December 17, 2012, an officer with the Metropolitan Nashville Police Department went to 2209 Osage Street to take a report for a stolen motorcycle that was taken from that residence. When the officer entered the residence, he could smell marijuana coming from inside the residence and could see some marijuana pieces on the kitchen table. The police officer asked for consent to search the residence and was given verbal consent by Teresa Liggett (lease holder). While conducting the

search, a second police officer found a loaded pistol grip 12 gauge shotgun underneath the master bedroom mattress. Mr. Liggett was sleeping on the bed when the police officers arrived. Mr. Liggett and his wife were arrested and read their Miranda rights. They advised they knew the shotgun was in their residence, but said that it belonged to her son, Demarreo Foxx, who is a convicted felon.

On December 18, 2012, Mr. Liggett reported to the probation office with his wife, Teresa Liggett, and an individual who identified himself as Antwoine Davis. All parties spoke with Supervising U.S. Probation Officer Vidette Putman. Mr. Davis reported his address is 3234 LaGrange Drive in Nashville. According to Mr. Davis, he and his girlfriend were not getting along so he came to Mr. and Mrs. Liggett's residence. Davis said he brought the shotgun to the Liggetts house, however, they were not aware of the gun. Mr. Davis related that the weapon was in Mr. Liggett's bedroom because he put it there. He was in their room watching television because the other televisions in the house were not working. SUSPO Putman asked Mr. Davis if the weapon was registered to him, and he said it was not. He stated he bought it from someone. Mr. Liggett was asked if his fingerprints would be found on the weapon, and he said they would not.

SUSPO Putman asked Mrs. Liggett if she has a record and she does. Mrs. Liggett was charged with the same offense, due to her criminal record. According to Mr. Liggett, he did not live at the residence with his wife because they are having problems. He was staying with his mother but spent the night with his wife the night before he was arrested. Mr. Liggett's name is on the lease, and the utilities are in his name.

On July 18, 2013, after submitting to a drug test, Mr. Liggett spoke with Britton Shelton, Supervisory U.S. Probation Officer. Mr. Liggett admitted to smoking marijuana approximately two weeks prior, claiming that he has been stressed out over his pending state gun charge. Mr. Liggett advised the case has been bound over to criminal court and no new court date has been set. He remains free on a $5,000 bond.

### Update of Offender Characteristics:
There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:
It is respectfully requested that the additional violation be considered at a revocation hearing to be held before Your Honor. The new violation has been discussed with Assistant U.S. Attorney Blanche Cook who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ERIC LIGGETT, CASE NO. 3:07-00219

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 24-30 months *U.S.S.G. § 7B1.4* | 24 months |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | 24 months |

**Statutory Provisions:** Revocation is mandatory if the court finds the defendant possessed a firearm. 18 U.S.C. § 3583(g)(2).

**Guideline Policy Statements:** Upon a finding of a Grade A or B violation, the Court shall revoke supervised release. U.S.S.G § 7B1.3(a)(1).

Upon finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note 5.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

**Defendant's Address:**

Eric Liggett
1717 12th Avenue N., Apt. A
Nashville, TN 37208

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Eric Liggett
2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:07-00219
3. **District/Office** Middle District of Tennessee
4. **Original Sentence Date** 09 / 10 / 2009
                                  month  day  year
5. **Original District/Office** _____
   *(if different than above)*
6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____
7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Unlawful Possession of a Weapon | A |
   | Marijuana use on July 18, 2013 | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — A
9. **Criminal History Category** *(see §7B1.4(a))* — IV
10. **Range of Imprisonment** *(see §7B1.4(a))* — 24-30 months
11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** null null

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____      Community Confinement _____

    Fine($)         _____      Home Detention          _____

    Other           _____      Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002